UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL ANN ALEXANDER,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>Defendants. | No. 2:24-cv-01754-DAD-CSK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THIS ACTION AND REMANDING THIS ACTION TO THE SACRAMENTO COUNTY SUPERIOR COURT<br><br>(Doc. No. 6) |

This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court. (Doc. No. 6.) The pending motion was taken under submission on the papers on September 12, 2024. (Doc. No. 9.) For the reasons explained below, plaintiff's motion to remand will be granted.

**BACKGROUND**

On January 16, 2024, plaintiff Carol Ann Alexander filed a complaint initiating this action against Home Depot U.S.A., Inc. ("Home Depot"), one of its store managers Alicia Marez, an employee Oscar Beltran, and 25 Doe defendants described as unknown employees of the Home Depot store. (Doc. No. 6-1 at 2.) In her complaint, plaintiff brings two personal injury claims against defendants, namely a state law claim of general negligence for failing "to maintain [the Home Depot store premises] in a reasonably safe condition" and a state law claim of premises

1

1     liability for willful failure to warn. (Doc. No. 6-1 at 5–6). Plaintiff further alleges that both she

2     and defendant Marez are citizens of California. (Doc. No. 6 at 4.)

3         On April 24, 2024, defendant Home Depot filed its answer to plaintiff's complaint in

4     Sacramento County Superior Court. (Doc. No. 6-2 at 20.) On June 4, 2024, plaintiff filed a form

5     request to update the docket in the superior court to reflect that defendant Beltran had been

6     dismissed with prejudice on March 12, 2024. (Doc. No. 6-2 at 28.)

7         On June 21, 2024, defendants Home Depot and Marez removed this action to this federal

8     court pursuant to 28 U.S.C. §§ 1332 and 1441(b), on the grounds that diversity jurisdiction exists

9     because the amount in controversy is at least $75,000, plaintiff and defendant Home Depot are

10     citizens of different states, and defendant Marez's citizenship should not be considered because

11     she is a "nominal and unnecessary defendant."[1] (*Id.* at 3.) In its notice of removal, defendant

12     Home Depot argues that it is required to indemnify defendant store manager Marez under

13     California Labor Code § 2802(a), which renders her a nominal defendant who should be removed

14     under Federal Rule of Civil Procedure 21, which provides that, "[o]n motion or on its own, the

15     court may, at any time, on just terms, add or drop a party." (Doc. No. 1 at 3–5); Fed. R. Civ. P.

16     21.

17         On August 15, 2024, plaintiff filed the pending motion to remand this action to the

18     Sacramento County Superior Court, arguing that this court should not exercise its discretion

19     under Rule 21 to drop defendant Marez as a party in this action because her presence is required

20     for a just adjudication of plaintiff's claims.[2] (Doc. No. 6 at 6–8.) Plaintiff further requests that

21     the court award her attorney's fees and costs in the amount of $2,000 pursuant to 28 U.S.C. §

---

[1] Neither party addresses whether defendants' removal on June 21, 2024 was timely. The court need not resolve this issue because remand is required on other grounds, as discussed in this order.

[2] In her pending motion, plaintiff also refers to 28 U.S.C. § 1447(e) in arguing that joining defendant Marez is warranted. (Doc. No. 6 at 7–13.) Plaintiff's reliance on this statute is misplaced because defendant Marez was named as a defendant prior to removal, and thus § 1447(e) does not apply. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

1447(c).  (Doc. No. 6 at 2.)  On August 29, 2024, defendant Home Depot filed its opposition to the pending motion, arguing that no claim against defendant store manager Marez can be stated and that she is fraudulently joined.  (Doc. No. 7 at 9–10.)  In support of its opposition, defendant Home Depot also filed a declaration by defendant Marez in which she states that she has "no memory of working" when plaintiff was injured and has "no memory or personal knowledge" of the alleged incident.  (Doc. No. 7-2 at 2.)  On September 6, 2024, plaintiff filed a reply in support of her pending motion to remand.  (Doc. No. 8.)

## LEGAL STANDARD

### A.  Removal Jurisdiction

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).  An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship.  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper.").  If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

### B.  Fraudulent Joinder

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined."  *Morris v. Princess Cruises, Inc.*,

3

236 F.3d 1061, 1067 (9th Cir. 2001).  If the court finds that the joinder of the non-diverse defendant is fraudulent, that defendant's citizenship is ignored for the purposes of determining diversity.  *Id*.

If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *McCabe v. Gen. Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Hamilton Materials, Inc. v. Dow Chem. Corp*., 494 F.3d 1203, 1206 (9th Cir. 2007).  However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046); *see also Avellanet v. FCA US LLC*, No. 19-cv-7621-JFW-KS, 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) ("A claim of fraudulent joinder should be denied if there is *any* possibility that a plaintiff may prevail on the cause of action against an in-state defendant.").  The Ninth Circuit has acknowledged that the analysis under Federal Rule of Civil Procedure 12(b)(6) shares some similarities with the fraudulent joinder standard, and that "the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined."  *Grancare, LLC*, 889 F.3d at 549.  The two tests should not, however, be conflated.  *Id.*

> If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined.  But the reverse is not true.  If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there.  For example, the district court must consider, . . . , whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

*Id.* at 550.  Thus, remand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency.  *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

## DISCUSSION

In opposing the pending motion, defendant Home Depot contends that plaintiff has no basis for maintaining a claim against defendant Marez because Marez does not recall the day of

4

the alleged incident.  (Doc. No. 7 at 10.)  However, in her complaint, plaintiff alleges that defendant Marez "failed to adhere to their ownership and management duties, which required them to ensure the premise was free of dangerous conditions" and that as a "direct and proximate result," plaintiff "sustained serious injuries and damages." (Doc. No. 6-1 at 5.)  Plaintiff alleges that the "entrance floor" of the Home Depot location had "loose debris" that caused her to fall and which the owners, managers, and employees failed to prevent or warn her of.  (Doc. No. 6-1 at 5–6.)  The court finds that these allegations are sufficient to state cognizable negligence and premises liability claims under California law, as those elements "are the same" for both claims. *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016) (finding that negligence and premises liability claims share the elements of a "legal duty of care, breach of that duty, and proximate cause resulting in injury") (citing *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (2013)). While there may be factual disputes regarding defendant Marez's knowledge about the alleged conditions of the store premises, when the court accepts as true all of the factual allegations in the complaint, the court finds that plaintiff has sufficiently alleged facts to support the necessary elements of a negligence and premises liability claim against defendant Marez.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

The court is also not persuaded by defendant Home Depot's argument that the possibility that it may have to indemnify defendant Marez under California Labor Code § 2280 renders her a "sham defendant."  To support this argument, defendant cites to the decision in *Rojas by and through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008 (S.D. Cal. 2021), in which that court found an unnamed Doe defendant was fraudulently joined because the plaintiff lacked "a true intent" to obtain a judgment against Doe 1 and Sea World would be vicariously liable for the actions of their employee.  538 F. Supp. 3d at 1028 (citing *Linnen v. Michielsens*, 372 F. Supp. 2d 811, 823–24 (E.D. Va. 2005) (holding that defendants must be dismissed from suit when the plaintiff has no possibility of succeeding in claims against them and does not have a true intent of getting a joint judgment)).  However, the district court in *Rojas* noted that it would consider adding Doe 1 "as a named defendant" should the plaintiff seek to do so.  *Id.*  Here, in

contrast, plaintiff named defendant Marez in her complaint at the outset of this litigation. Thus, defendant Home Depot's reliance on the decision in *Rojas* is unavailing. In addition, plaintiff has named defendant Marez to pursue claims against her, and she "is entitled to pursue claims against [the employee] individually." *Cordan v. Costco Wholesale Corp.*, No. 2:20-cv-11096-SVW-KS, 2021 WL 2695732, at *1 (C.D. Cal. June 30, 2021). Home Depot's duty to defend and indemnify defendant Marez is not a bar on litigation against her individually. *See Davis v. Wal-Mart Stores Inc.*, No. 2:16-cv-9480-JFW-AJW, 2017 WL 499595, at *5 (C.D. Cal. Feb. 6, 2017) (granting remand because California Labor Code § 2802 does not provide immunity to employees from suit); *Gamboa v. Wal-Mart Stores, Inc.*, No. cv-18-2553-KS, 2018 WL 3129776, at *4 (C.D. Cal. June 21, 2018) ("[C]ourts in this circuit have permitted a store manager to be added as a defendant in their individual capacity in a *slip and fall premises liability lawsuit*.") (citing *Vreeland v. Target Corp.*, No. 09-cv-5673-MEJ, 2010 WL 545840, at *4 (N.D. Cal. Feb. 11, 2010)) (emphasis added). At this stage in the litigation, plaintiff has sufficiently stated a cognizable claim against defendant Marez—an individually-named, non-diverse defendant—and it would be inappropriate to dismiss plaintiff's claims against defendant Marez on the grounds that her liability may be indemnified by another defendant. For this reason, the court rejects defendant Home Depot's argument that defendant Marez was fraudulently joined.

Defendant Home Depot also argues in the alternative, urging the court to dismiss defendant Marez as a party pursuant to the court's discretion under Rule 21. (Doc. No. 7 at 10–18.) Specifically, defendant Home Depot contends that defendant Marez is a dispensable party because plaintiff could get complete relief from defendant Home Depot and is thus "only tangentially related." (*Id.*) However, Rule 21 "should be used sparingly" and not merely to "unduly expand diversity jurisdiction." *Lee v. Ford Motor Corp.*, No. 19-cv-10170-AB-FFM, 2020 WL 2835748, at *3 (C.D. Cal. 2020); *see also Armstrong v. FCA US LLC*, No. 1:19-cv-01275-DAD-SAB, 2020 WL 6559232, at *10 (E.D. Cal. 2020). Even assuming that defendant Marez is a dispensable party, dismissal would potentially create a multiplicity of lawsuits in state and federal court and expand this court's jurisdiction. For this reason, the court will decline to

\\\\\

6

exercise its discretion to dismiss the claims brought by plaintiff against defendant store manager Marez.

Finally, plaintiff requests an award of attorney's fees and costs in the amount of $2,000 incurred as a result of the improper removal of this action. (Doc. No. 6 at 2.) District courts have discretion to award such fees when ordering that a case be remanded. *See* 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

The court is not persuaded that an award of fees and costs is warranted here. Counsel for the parties met and conferred prior to the filing of the pending motion regarding whether removal was appropriate in this case, with both sides now citing relevant legal authority in support of their respective positions. The defendants' position that defendant Marez was a dispensable party who was fraudulently joined was not objectively unreasonable, as courts have disagreed on the necessity of employee-defendants' presence in litigation where indemnification is also at issue. *See Rojas*, 538 F. Supp. 3d at 1028. Because defendants had a plausible legal basis for removal, the court declines to award attorney's fees. *Cf. Shaw v. Daifuku N. Am. Holding Co.*, No. 2:21-cv-01461-DAD-JLT, 2021 WL 5578554, at *3 (E.D. Cal. 2021).

## CONCLUSION

For the reasons set forth above,

1. Plaintiff's motion to remand this action (Doc. No. 6) is granted;
2. This action is remanded to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **September 16, 2024**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE